NOT FOR PUBLICATION IN WEST'S HAWAIʻI REPORTS AND PACIFIC REPORTER

**Electronically Filed
Intermediate Court of Appeals
CAAP-11-0000618
29-NOV-2011
08:40 AM**

NO. CAAP-11-0000618

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAIʻI

DONNA C. EDWARDS, Petitioner-Appellee, v.
GLENN K. MIZUKAMI, Defendant-Appellant, and
AMERIQUEST MORTGAGE CO., et al., Defendants

APPEAL FROM THE CIRCUIT COURT OF THE FIRST CIRCUIT
(CIVIL NO. 10-1-2441-11 BIA)

ORDER GRANTING PLAINTIFF-APPELLEE DONNA C. EDWARDS'S
SEPTEMBER 26, 2011 MOTION TO DISMISS APPEAL, AND DENYING
DEFENDANT-APPELLANT GLENN K. MIZUKAMI'S SEPTEMBER 27
AND NOVEMBER 17, 2011 MOTIONS TO STRIKE PLAINTIFF-APPELLEE
DONNA C. EDWARDS'S SEPTEMBER 26, 2011 MOTION TO DISMISS APPEAL
(By: Nakamura, Chief Judge, Foley and Reifurth, JJ.)

Upon review of (1) Plaintiff-Appellee Donna C.

Edwards's (Appellee) September 26, 2011 motion to dismiss Appeal

No. CAAP-11-0000618 for lack of jurisdiction, (2) Defendant-

Appellant Glenn K. Mizukami's (Appellant) September 27, 2011

motion to strike Appellee's September 26, 2011 motion to dismiss

Appeal No. CAAP-11-0000618 for lack of jurisdiction,

(3) Appellant's November 17, 2011 motion to grant Appellant's

September 27, 2011 motion to strike Appellee's September 26, 2011

motion to dismiss Appeal No. CAAP-11-0000618 for lack of

jurisdiction, and (4) the record, it appears that this court does

not have jurisdiction over Appellant's appeal from the Honorable

Bert I. Ayabe's July 19, 2011 "Order Denying 1) Defendant Glenn K. Mizukami's Motion to Deny Complaint Filed on March 31, 2011 and 2) Defendant Glenn Mizukami's Motion for Sanction Against Counsel and Petitioner and Award of Expense Filed on March 31, 2011" (the July 19, 2011 interlocutory order), nor does this court have jurisdiction over Appellant's appeal from six minute orders that the circuit court issued on June 2, June 23, July 22, July 26, August 2, and September 8, 2011. As explained below, Appellant's appeal is premature and we lack appellate jurisdiction because the circuit court has not yet entered an appealable final judgment on all claims pursuant to Rule 58 of the Hawai'i Rules of Civil Procedure (HRCP).

Hawaii Revised Statutes (HRS) § 641-1(a) (1993 & Supp. 2010) authorizes appeals to the intermediate court of appeals only from final judgments, orders, or decrees. Appeals under HRS § 641-1 "shall be taken in the manner . . . provided by the rules of court." HRS § 641-1(c). HRCP Rule 58 requires that "[e]very judgment shall be set forth on a separate document." Based on HRCP Rule 58, the Supreme Court of Hawai'i holds "[a]n appeal may be taken . . . only after the orders have been reduced to a judgment and the judgment has been entered in favor of and against the appropriate parties pursuant to HRCP [Rule] 58[.]" Jenkins v. Cades Schutte Fleming & Wright, 76 Hawai'i 115, 119, 869 P.2d 1334, 1338 (1994). "An appeal from an order that is not reduced to a judgment in favor or against the party by the time the record is filed in the supreme court will be dismissed." Id. at 120, 869 P.2d at 1339 (footnote omitted). The record on

-2-

appeal for Appeal No. CAAP-11-0000618 was filed on October 12, 2011, and the circuit court has not yet entered a separate judgment in this case. Absent a separate judgment, none of the circuit court's interlocutory orders are eligible for appellate review.

With respect to the six minute orders that the circuit court issued on June 2, June 23, July 22, July 26, August 2, and September 8, 2011, the Supreme Court of Hawai'i has explained that "a minute order is not an appealable order." Abrams v. Cades, Schutte, Fleming & Wright, 88 Hawai'i 319, 321 n.3, 966 P.2d 631, 633 n.3 (1998) (emphasis added). Although the July 19, 2011 interlocutory order is, in contrast, a written order with the signature of the presiding judge, the July 19, 2011 interlocutory order is not eligible for appellate review in the absence of a separate final judgment that resolves all claims. Although exceptions to the final judgment requirement exist under the Forgay v. Conrad, 47 U.S. 201 (1848), doctrine (the Forgay doctrine), the collateral order doctrine, and HRS § 641-1(b), the July 19, 2011 interlocutory order does not satisfy the requirements for appealability under the Forgay doctrine, the collateral order doctrine, or HRS § 641-1(b). See Ciesla v. Reddish, 78 Hawai'i 18, 20, 889 P.2d 702, 704 (1995) (regarding the two requirements for appealability under the Forgay doctrine); Abrams v. Cades, Schutte, Fleming & Wright, 88 Hawai'i 319, 322, 966 P.2d 631, 634 (1998) (regarding the three requirements for appealability under the collateral order doctrine); HRS § 641-1(b) (regarding the requirements for an

appeal from an interlocutory order). Therefore, the July 19, 2011 interlocutory order is not an appealable order.

Absent an appealable separate judgment that finally resolves all claims, Appellant's appeal is premature, and we lack appellate jurisdiction over Appeal No. CAAP-11-0000618. Accordingly,

IT IS HEREBY ORDERED that:

1. Appellee's September 26, 2011 motion to dismiss Appeal No. CAAP-11-0000618 for lack of jurisdiction is granted;

2. Appellant's September 27, 2011 motion to strike Appellee's September 26, 2011 motion to dismiss Appeal No. CAAP-11-0000618 for lack of jurisdiction is denied; and

3. Appellant's November 17, 2011 motion to grant Appellant's September 27, 2011 motion to strike Appellee's September 26, 2011 motion to dismiss Appeal No. CAAP-11-0000618 for lack of jurisdiction is denied.

We hereby dismiss Appeal No. CAAP-11-0000618 for lack of jurisdiction.

DATED: Honolulu, Hawai'i, November 29, 2011.

Chief Judge

Associate Judge

Associate Judge

-4-